**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Randy Lee Griswold, Respondent,

v.

Kathryn Lynn Griswold, Appellant.

Appellate Case No. 2011-189207

Appeal From Lexington County
Deborah Neese, Family Court Judge

Unpublished Opinion No. 2013-UP-340
Heard June 6, 2013 – Filed August 14, 2013

**AFFIRMED**

Thomas M. Neal, III, of Law Offices of Thomas M. Neal, III, of Columbia, for Appellant.

M. Gwyn DuBose-Schmitt, of Lexington, and Douglas Kosta Kotti, of Columbia, for Respondent.

**PER CURIAM:** Kathryn Lynn Griswold (Wife) appeals the family court's order granting Randy Lee Griswold (Husband) a divorce on the grounds of separation in excess of one year, asserting the family court erred in denying her request for a continuance of the final hearing.

We agree with Wife that the family court abused its discretion in denying Wife's request for a continuance. Wife presented the court with an affidavit from Dr. Benjamin Levinson, her primary care manager, in which he stated Wife would not be able to attend the hearing because she had a scheduled oncology appointment and chemotherapy treatment in Charleston. Dr. Levinson explained: "Chemotherapy is administered in cycles for maximum benefit and it is imperative that [Wife] maintain her cycle schedule."

However, we find Wife was not prejudiced by the family court's denial of her request for a continuance. *See Dep't of Soc. Servs. v. Laura D.*, 386 S.C. 382, 385, 688 S.E.2d 130, 132 (Ct. App. 2009) (stating the denial of a motion for a continuance will not be reversed unless it clearly appears that there was an abuse of discretion *to the prejudice of appellant*) (emphasis added). In the Final Order of Separate Support and Maintenance filed June 14, 2010, the family court determined all financial issues, leaving only the issue of the divorce for a future date. In that order, the family court found the date of separation was May 16, 2009. Although in her answer Wife denied Husband's allegation that the date of separation was May 16, 2009, she proffered no evidence she would have presented at the hearing to contradict this date. The record contains no facts that would indicate the family court should not have granted the divorce. *See* Rule 210(h), SCACR ("Except as provided by Rule 212 and Rule 208(b)(1)(C) and (2), the appellate court will not consider any fact which does not appear in the Record on Appeal.").

**AFFIRMED.**

**HUFF, WILLIAMS, and KONDUROS, JJ., concur.**